DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiffs-Appellants Robert O. Christian, Jr., et. al. have appealed the judgment of the Lorain County Court of Common Pleas which granted summary judgment to Defendants-Appellees James Duttry, et. al. This Court affirms.
 I {¶ 2} On December 29, 2004, Plaintiffs-Appellants Robert O. Christian, Jr., et. al. filed a complaint in the Lorain County Court of Common Pleas based in negligence stemming from personal injuries sustained by Appellant Robert Christian, Jr. ("Robert") while on a trampoline located in the backyard of Appellees James and Ila Duttry.
 {¶ 3} On April 26, 2005, Appellees filed a motion for summary judgment. On July 18, 2005, Appellants voluntarily dismissed Appellees' landlord at the time, Riverstone Capital, LLC. On August 2, 2005, Appellants filed their response to Appellee's motion for summary judgment. On August 31, 2005, the trial court granted Appellees' motion for summary judgment.
 {¶ 4} Appellants have timely appealed asserting one assignment of error.
 II Assignment of Error
"THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHEN COMPETENT EVIDENCE ESTABLISHED GENUINE ISSUES OF MATERIAL FACT IN REGARD TO THE ATTRACTIVE NUISANCE DOCTRINE, MAKING SUMMARY JUDGMENT INAPPROPRIATE."
 {¶ 5} In their assignment of error, Appellants have argued that the trial court erred when it granted summary judgment to Appellees because genuine issues of material fact remained concerning the attractive nuisance doctrine. We disagree.
 {¶ 6} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. "We review the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id. at 292-293.
 {¶ 8} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henklev. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 10} Appellants have proffered the attractive nuisance doctrine as their negligence theory in this case. Under the attractive nuisance doctrine:
"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon land if:
"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
"(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." Sutton v. Wheeling Lake Erie R.R. Co., 9th Dist. No. 22642,2005-Ohio-6912, at ¶ 19, quoting Bennett v. Stanley (2001),92 Ohio St.3d 35, 40.
 {¶ 11} We initially note that both parties have argued whether Robert was a child trespasser in Appellees' back yard, and thus, the applicability of the attractive nuisance doctrine. However, upon a review of the record, we conclude that even if Robert were a trespasser, the trial court properly granted summary judgment because Appellants failed to meet their reciprocal burden under Dresher to demonstrate a genuine issue of material fact concerning the reasonable care standard enumerated in element (e) of the attractive nuisance doctrine, supra.
 {¶ 12} The record is clear that Appellees, as the moving party, met their initial burden by informing the trial court of the basis for the motion and pointing to parts of the record that demonstrated the absence of a genuine issue of material fact.Dresher, 75 Ohio St.3d at 292-93. In support of their motion, Appellees set out the safety precautions which they had established regarding the trampoline. The record indicates that Appellees knew of the danger that a trampoline presented to small children. The record indicates that Appellees had a "standing rule" that young children were not to be on the trampoline without adult supervision. The record also indicates that Appellees warned Robert's parents of the danger and even advised them to carefully watch Robert. Further, Appellees' back yard was fenced in and the gate was locked to prevent children from accessing the backyard without first going through the interior of the home.
 {¶ 13} In response, Appellants have contended that Appellees' house rule was ineffective as the lack of adult supervision shifted the burden of enforcement to the other children playing on the trampoline. Further, Appellants have contended that Appellees' failed to utilize "available safety measures." However, we find that Appellants' allegations amount to nothing more than mere assertions and conclusory allegations that Appellees did not do enough to protect Robert from injury.
 {¶ 14} For instance, Appellants have argued that Appellees failed to provide adequate adult supervision for the trampoline. However, they have omitted the fact that Appellees told Robert's parents, Robert Sr. ("Bobby") and Shannon, of the standing house rule, suggested that Robert be kept inside for his own safety, and specifically told Shannon that Appellees could not supervise Robert due to their duties as hosts. Further, Appellants have ignored the fact that neither Bobby nor Shannon expected Appellees to watch Robert and that they admitted Robert's supervision was their responsibility. Finally, Appellants have ignored the fact that Bobby testified that he knew Robert was playing in the backyard while the adults were inside and felt comfortable with him doing so. To this Court, it seems disingenuous for Appellants to claim that Appellees failed to provide adequate adult supervision only to admit that they were the adult party charged with said supervision.
 {¶ 15} It is clear to this Court that Appellants have failed to establish a genuine issue of material fact as to how Appellees' reliance on Bobby and Shannon to provide the adult supervision with regard to Robert was unreasonable, beyond their mere allegations, which fall outside the scope of Dresher and Civ.R. 56(C).
 {¶ 16} Additionally, Appellants have argued that Appellees failed to use available safety measures. Again, Appellants have gone no further than to allege that Appellees could have done more. They do not indicate what, if any, safety measures Appellees could have employed or how they could have prevented Robert's injuries. Appellants merely allege that "other" safety measures were available and that Appellees should have utilized them. We find that such conclusory statements do not create a genuine issue of material fact concerning whether Appellees' safety precautions fell below the standard of reasonable care.
 {¶ 17} Finally, any reliance Appellants place on Appellee James Duttry's testimony that he was unsure whether his conduct was reasonable is misplaced. The testimony was elicited by means of question that required James to draw a legal conclusion. The legal conclusions of a layperson are insufficient to create a genuine issue of material fact.
 {¶ 18} Based on the foregoing, this Court concludes that Appellants failed to provide any Civ.R. 56(C) evidence that the precautions taken by Appellees to protect trespassers from injury fell below the reasonable care standard. Therefore, Appellants failed in their burden to establish a genuine issue of material fact concerning the reasonableness of Appellees' safety precautions, as required by element (e) of the attractive nuisance doctrine. Thus, any discussion of whether Robert was or was not a trespasser is moot.[1] Accordingly, we find that the trial court properly granted summary judgment in favor of Appellees.
 {¶ 19} Appellants' assignment of error lacks merit.
 III {¶ 20} Appellants' assignment of error is overruled. The judgment of the Lorain Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Slaby, P.J., Boyle, J., concur.
[1] Appellants' sole theory of liability in this case was the attractive nuisance doctrine. However, the standard of care owed to a social guest is to "exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host" and to warn the guest of any known, dangerous conditions on the premises which is not open and obvious. See Slabaugh v. Kukta, 9th Dist. No. 05CA0022,2005-Ohio-6454, at ¶ 9, quoting Scheibel v. Lipton (1951),156 Ohio St. 308, paragraph three of the syllabus. Accordingly, Appellants' failure to establish a genuine issue of material fact regarding Appellees' reasonableness, as embodied in the standard of ordinary care, would apply regardless of Robert's legal status.